Jason Crews
164 W. Laurel Ct.
Gilbert, AZ 85233
602-295-1875
Jason.crews@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: 2:23-cv-01589- PHX-DWL |
| Plaintiff, | |
| v. | Memorandum In Support Of Plaintiff's Ex Parte Application For Subpoena Duces Tecum To Determine Location Where Defendant Justin Villalobos Can Be Served |
| Jason Crews v. Sun Solutions AZ, LLC, *et al*. | |
| Defendants. | |

**Memorandum in Support of Plaintiff's *Ex Parte* Application for Subpoena Duces Tecum to Determine Location Where Defendant Justin Villalobos Can Be Served**
**I. INTRODUCTION / SUMMARY OF ARGUMENT**

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 45, Plaintiff, Jason Crews ("Crews"), hereby submits this memorandum in support of the Plaintiff's *Ex Parte* Application for Subpoena Duces Tecum to Determine Location Where Defendant Justin Villalobos Can Be Served. The subpoenas requested are narrow, limited, and restricted. In support thereof, Plaintiff states as follows:

Plaintiff is unaware of counsel for Defendant in this matter. The reason for seeking this order is that Plaintiff must identify a location where Defendants can be

served via subpoena. Plaintiff was therefore unable to confer with Defendant prior to this filing.

## I. BACKGROUND

- On August 7, 2023, Crews commenced this action.
- On August 11, 2023, Crews mailed Notice of Lawsuit and Request to Waive Service of a Summons and supporting documents to Justin Villalobos ("Villalobos") via USPS to the address 6433 N Bell Air Rd, CASA GRANDE, AZ, 85194[1].
- On September 7, 2023, Crews received return mail with Notice of Lawsuit and Request to Waive Service of a Summons and supporting documents which were mailed to Villalobos as returned mail. Exhibit 1.
- On September 15, 2023, a process server made contact with the residents who claimed Villalobos no longer lived at that address. Exhibit 2.

Crews has alleged that during the month July Defendants placed at least eight illegal telemarketing phone calls to Plaintiff. One of the callers identified themselves as Villalobos and their company Sun Solutions AZ, LLC.

Plaintiff, based upon the following third parties who are likely to possess records identifying a location for service:

- On July 17, 2023, Crews received a telephone call from an individual who identified themselves as Villalobos and called from a phone number presenting the caller ID (623)533-7343. Public records indicate that number is associated

---

[1] 6433 N Bell Air Rd, CASA GRANDE, AZ, 85194 is the address listed on the Arizona Secretary of State's registration for Justin Villalobos', an officer of Sun Solutions, LLC, mailing address as of October 16, 2021. It is also the address listed on the Nevada Secretary of State's website for Justin Villalobos's, an officer of Nevada Octagon Inc LLC, as of May 18, 2023.

2

- with the Sprint mobile carrier. Sprint is now owned by T-Mobile USA, Inc and all legal requests must be directed through that company.
- On May 18, 2023, the entity Nevada Octagon Inc LLC ("Octagon") was formed in Nevada. According the Nevada Secretary of State Villalobos is an officer of Octagon. The managing member of Octagon is Robert Baxter ("Baxter").

Plaintiff requests the following language for said subpoenas:

- T-mobile: "Identifying information of the subscriber associated with (623) 533-7343 as July 17, 2023, including name, address, telephone number, and e-mail."
- Baxter: "Identifying information for Justin Villalobos including current address, current telephone number, and current e-mail."

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against Villalobos because he continues to evade service of process and create corporations with intentionally incorrect contact information. The subscriber(s) associated with these services will have an opportunity to oppose the requested subpoenas, to the extent they are granted, by seeking to quash the same, as the subpoenaed entities should provide notice to their customers. Villalobos will have the opportunity to oppose the lawsuit.

## II. LEGAL AUTHORITY AND ARGUMENT

FRCP 26 gives the Court wide discretion to manage the discovery process. While expedited discovery is not the norm, situations like this support it. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes *prima faca* case of TCPA violations.

On a showing of "good cause," a Court may allow early discovery. *Semitool, Inc v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may

exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In evaluating a claim of good cause, courts in the Ninth Circuit regularly consider "(1) the concreteness of plaintiff's showing of a *prima facie* claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." *Strike 3 Holdings, LLC, v. Doe*, 2022 WL 657932 at *1 (E.D. Cal. 2022) (citing *Arista Records LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010)).

Plaintiff satisfies factor 1 because he states a claim under the TCPA. Plaintiff satisfies factors 2 and 4 because the subpoena is limited in nature to allow identification of the Defendant, amend the complaint, and effect service of process. Plaintiff is unable to identify any alternative way of obtaining contact information for the party operating the telephone number (factor 3). Plaintiff attempted to get the information from publicly available sources, but Villalobos does not appear to be maintaining accurate contact information with the various state agencies. Finally, there should be no significant privacy interest in the commercial transaction between an individual or entity operating a telemarketing scheme and the various providers requested herin (factor 5).

In a similar case the Court granted a request for early discovery to identify a TCPA defendant. *Stark v. ABC, Inc. et. al*, 19-cv-2405, Dkt. 13. There, the Court noted the following test:

"First, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that would make service of process possible."

Applying that test, the first factor is met as the telephone call received from Defendants identify that a true entity is behind the calls.

As to the second factor, a good faith effort has also been made to identify Defendant prior to making this motion. Plaintiff has searched through various online databases to find a Villalobos but has been unable to.

As to the third factor, Plaintiff believes he has asserted all the elements of a TCPA claim in his Complaint.

As to the fourth factor, the information gathered from the subpoena, including name and address, will allow service of process to be commenced.

This relief is sought *ex parte* because Plaintiff has not been able to hold a Rule 26 conference and the Defendant has yet to be served.

## IV. CONCLUSION

Plaintiff requests the Court grant this request, instruct the Clerk to issue the requested subpoena attached, and extend the current service deadline by ninety (90) days to allow time for time for third parties to respond, and for Plaintiff to effectuate service.

Dated this October 2, 2023.

/s/*Jason Crews*
Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.


**COPIES** of the forgoing were served via email this same date upon:
Justin Villalobos
6433 N Bell Air Rd, Casa Grande, AZ, 85194

and

Sun Solutions AZ, LLC
Wesley Simon, 1339 W Los Lagos Vista, Mesa, AZ, 85202


By: _____/s/*Jason Crews*_____

    Jason Crews

# Exhibits

**Exhibit 1**



# Exhibit 2

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    **CV23-01589-PHX-DWL**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   **Justin Villalobos**
was recieved by me on  **9/25/2023:**

☐    I personally served the summons on the individual at *(place)*  on *(date)* ; or

☐    I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐    I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of  organization)*; or

☒    I returned the summons unexecuted because **Unknown** after attempting service at **6433 N Bell Air Rd, Casa Grande, AZ 85194**; or

☐    Other *(specify)*

My fees are $ 0 for travel and **$ 85.00** for services, for a total of **$ 85.00**.

I declare under penalty of perjury that this information is true.

Date:  10/01/2023

_____
*Server's signature*

**Shawn Morris**
*Printed name and title*

**2470 W Edgewater Way Unit #2041
Chandler, AZ 85248**

_____
*Server's address*

Additional information regarding attempted service, etc:

**9/26/2023 7:16 AM: There was no answer at the address.
10/1/2023 8:43 AM: I spoke with an individual who identified themselves as the resident and they stated subject unknown.  Per female here told me Justin used to own house a long time ago. Unknown per neighbor.  No numbers to call.**




Tracking #: **0115183350**