**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-01589-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Solutions AZ LLC, et al., | |
| Defendants. | |

Pending before the Court are two service-related motions filed by Plaintiff Jason Crews ("Plaintiff"). (Docs. 12, 13.)

## BACKGROUND

On August 7, 2023, Plaintiff, who is proceeding *pro se*, initiated this action by filing the complaint and paying the filing fee. The complaint alleges that Defendant Sun Solutions AZ, LLC ("Sun Solutions") and Defendant Justin Villalobos ("Villalobos"), who is Sun Solutions' owner and manager, violated the Telephone Consumer Protection Act by "orchestrat[ing] placing at [least] eight illegal telemarketing calls" to Plaintiff in July 2023, without Plaintiff's consent, "using an Automated Telephone Dialing System . . . to a number assigned to a cellular service which was included on the national Do-Not-Call list." (Doc. 1 ¶¶ 1-6, 16.) The complaint further alleges that, during one of the calls, Villalobos personally spoke with Plaintiff and identified himself as an agent of Sun Solutions. (*Id.* ¶¶ 32-42.)

During the early stages of the case, Plaintiff was issued summonses addressed to

Villalobos and Sun Solutions. (Doc. 6, 11.) Plaintiff, in turn, attempted to send a waiver of service to Villalobos at 6433 N. Bel Air Road in Casa Grande, Arizona, which is "the address listed on the Arizona Secretary of State's registration for Justin Villalobos[], an officer of Sun Solutions, LLC." (Doc. 12-1 at 2.) However, the mailing was returned as undeliverable. (*Id.* at 2, 9.) Later, when Plaintiff arranged for a process server to attempt to personally serve Villalobos at the same address, the "process server made contact with the residents who claimed Villalobos no longer lived at that address." (*Id.* at 2, 11.) Plaintiff further asserts that he "has searched through various online databases to find a Villalobos but has been unable to do so." (*Id.* at 5.)

Based on these developments, Plaintiff has filed two motions. The first is an "*Ex Parte* Application For Subpoena Duces Tecum To Determine Location Where Defendant Justin Villalobos Can Be Served." (Docs. 12, 12-1.) In this motion, Plaintiff summarizes his unsuccessful attempts to serve Villalobos at the Casa Grande address. Plaintiff also asserts that he has identified "third parties who are likely to possess records identifying a location for service." (*Id.*) First, Plaintiff asserts that Villalobos is registered as an officer of Nevada Octagon Inc LLC ("Octagon"), an entity formed in Nevada in May 2023. The managing member of Octagon is Robert Baxter, and based on this association, Plaintiff believes that Baxter may have contact information for Villalobos. Second, Plaintiff notes that Villalobos contacted him via a phone number associated with Sprint, which was acquired by T-Mobile USA, and Plaintiff believes that T-Mobile may have contact information for Villalobos. In light of these assertions, Plaintiff seeks permission to issue two subpoenas intended to obtain "Villalobos's most recent contact information." The first requested subpoena would be directed to T-Mobile and would seek the subscriber information associated with the specific phone number that was used during the July 2023 phone call in which—per the complaint—Villalobos spoke to Plaintiff and identified himself as an agent of Sun Solutions. The second requested subpoena would be directed to Baxter and would seek "[i]dentifying information for Justin Villalobos including current address, current telephone number, and current e-mail."

The second pending motion seeks leave to serve Villalobos by alternative means. (Doc. 13.)

**DISCUSSION**

I.   <u>Early Discovery To Determine Location At Which Villalobos Can Be Served</u>

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by [the Federal Rules of Civil Procedure], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Thus, the early discovery Plaintiff seeks is available only if permitted by court order.

"In fashioning discovery orders under Rule 26(d), the district courts wield broad discretion, as they do when managing any aspect of discovery." *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, \*3 (N.D. Cal. 2008). "In the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference." *Id.* at \*4. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

Whether Plaintiff has made the required good-cause showing presents a close call. It appears that Plaintiff simply looked up the address that Villalobos previously placed on file with various secretaries of state, tried to serve Villalobos at that address, and then, upon learning that Villalobos had moved, performed some unspecified searches of "various online databases" before filing the pending motion. (Doc. 12-1 at 4 ["Plaintiff is unable to identify any alternative way of obtaining contact information for the party operating the telephone number. Plaintiff attempted to get the information from publicly available sources, but Villalobos does not appear to be maintaining accurate contact information with the various state agencies."].) On the one hand, courts have often required litigants to make more comprehensive efforts to locate a known party opponent—such as hiring a private investigator—before authorizing early discovery in aid of location. *See, e.g., LawRank LLC v. LawRankSEO.com*, 2021 WL 4461592, \*2 (N.D. Cal. 2021) ("The Court recognizes

that some persistence and creativity may be required to effect personal service here, but that circumstance is hardly uncommon. The Court notes, for example, that it is routine to retain private investigators to locate and serve parties."); *Andersen*, 2021 WL 6621060 at *1 ("Plaintiff has not shown good cause for early discovery based on the current record . . . [where] the steps Plaintiff has taken to locate Thompson to date . . . appear to be limited to an unsuccessful skip trace and request for information from YouTube."). On the other hand, the Court recognizes that Plaintiff is a *pro se* litigant who paid the filing fee and has already expended financial resources attempting to locate and serve Villalobos through reasonable means.

Under the circumstances, the Court concludes that the appropriate outcome is to grant Plaintiff's motion in part. The proposed subpoena to T-Mobile seems reasonably calculated to obtain Villalobos's contact information, given that Villalobos apparently used the phone number at issue only a few months ago to call Plaintiff, and would pose little prejudice to the responding party (which frequently responds to subpoenas). In contrast, the Court is unwilling (at least for now) to authorize the proposed subpoena to Baxter. Not only is it somewhat speculative that Baxter (whose only apparent connection to Plaintiff is that both are associated with a new business that is apparently unrelated to Sun Solutions) would have Villalobos's current contact information, but the proposed Baxter subpoena would pose a heightened risk of prejudice as compared to the proposed T-Mobile subpoena. Baxter, for one thing, might find it prejudicial to be forced to respond, and the Court is wary of allowing Villalobos's new business associates to be subpoenaed as part of an unrelated lawsuit simply because Plaintiff's fairly rudimentary efforts to locate Villalobos have proved unsuccessful so far.

II.     Alternative Service

Plaintiff's other pending motion is a "Motion to Serve by Alternative Means of Service." (Doc. 13.) Here, Plaintiff argues that he should be authorized to serve Villalobos via an unspecified alternative service method because he "has made every effort practicable" to serve Villalobos through traditional means. (Doc. 13-1 at 2-3.) Plaintiff

adds: "It is unknown to Plaintiff wither or not Villalobos is evading service by misleading process servers, or if he is misleading the State of Arizona and the State of Nevada, or both, but the effect is the same." (*Id.* at 3.)  Plaintiff also requests a 90-day extension of the service deadline "to effectuate said alternative service." (*Id.*)

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(*Id.*)  Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona.  Under Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules.  Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010). In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id.* at 903.

Here, Plaintiff has not proposed any form of alternative service. Considering that there appears to be no valid contact information for Villalobos available to Plaintiff at this time, it is difficult to conceive of an alternative means of service that would "make a reasonable effort to provide [Villalobos] with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k). Moreover, in light of Plaintiff's intent to serve a subpoena that is reasonably likely to lead to information that will facilitate service via traditional means, the request for leave to serve via alternative means appears undeveloped and premature. Thus, the request is denied without prejudice. The Court will, however, grant a 90-day extension of the service deadline so that Plaintiff may serve the T-Mobile subpoena and make additional attempts to locate and serve Villalobos.

…
…
…
…
…
…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's *ex parte* motion for the issuance of subpoenas (Doc. 12) is **granted in part and denied in part**. Plaintiff may serve the subpoena to T-Mobile that was provided at Doc. 12-3.

2. Plaintiff's motion for alternative service (Doc. 13) is **denied without prejudice**.

3. The previous service deadline (Doc. 9) is **extended** to a date 90 days from the issuance of this order (*i.e.*, to February 28, 2024). Unless the Court orders otherwise, the Clerk of Court shall terminate without further notice any Defendant in this action that has not been served by that date pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 30th day of November, 2023.

Dominic W. Lanza
United States District Judge