**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-01589-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Solutions AZ LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's second ex parte motion for early discovery to discover an address at which Defendant Justin Villalobos can be served. (Doc. 16.) The Court granted Plaintiff's earlier request to serve a subpoena to T-Mobile for this purpose. (Doc. 14.) T-Mobile responded to the subpoena by indicating that "Villalobos's number is no longer associated with their services as of October 21, 2023, and has been ported to another carrier"—Cellco Partnership, dba Verizon Wireless ("Verizon"). (Doc. 16-1 at 3.) Plaintiff seeks to subpoena Verizon for the same information and for the same purpose that he previously sought to subpoena T-Mobile. Thus, for the reasons stated in the Court's November 30, 2023 order as to T-Mobile (Doc. 14), Plaintiff's motion to subpoena Verizon (Doc. 16) is granted.

Also pending before the Court is Plaintiff's motion for leave to serve Defendant Sun Solutions AZ LLC ("Sun Solutions") by alternative means. (Doc. 15.) Plaintiff's motion, memorandum, and supporting exhibits establish that Wesley Siemon, the registered agent for Sun Solutions, listed his address with the Arizona Corporation Commission as 1339

SW Los Lagos Vista, Mesa, AZ 85202 (the "Mesa address") and also listed an email address, seimonster480@gmail.com. (Doc. 15-3 at 1.) On December 18, 2023, Plaintiff's private investigator called Siemon, who verified that the Mesa address is his correct address. (Doc. 15-1 at 2.) Siemon's truck has been observed in the driveway of the Mesa address. (*Id.*) Plaintiff's process server attempted service at the Mesa address four times, at four different times of day, and each attempt resulted in no answer, although once the screen door was open and a vehicle was present. (Doc. 15-5 at 1.)

Plaintiff seeks leave to serve Sun Solutions by posting the service documents on the door of the Mesa address, mailing the service documents to the Mesa address, and emailing the service documents to info@sunsolutions.com. (Doc. 15 at 1.)

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that an unincorporated association in a judicial district of the United States must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or "in the manner prescribed by Rule 4(e)(1) for serving an individual," which permits service under state law. Rule 4(i) of the Arizona Rules of Civil Procedure governs unincorporated associations and mirrors the federal rule.

Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and

even "something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010).  In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

The Court finds that service has proved impracticable.  Service via the proposed methods and via email to seimonster480@gmail.com would constitute "a reasonable effort to provide the [party] being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 15) is **granted**.

**IT IS  FURTHER ORDERED** that service on Sun Solutions may be accomplished by alternative means.  Pursuant to Ariz. R. Civ. P. 4.1(k)(2), Plaintiff shall mail the summons, the complaint, and this order via certified mail to the Mesa address and via email to info@sunsolutions.com and seimonster480@gmail.com and shall post the documents on the door of the Mesa address.

**IT IS  FURTHER ORDERED** that Plaintiff's motion to subpoena Verizon (Doc. 16) is granted.  The subpoena, as drafted but directed to Verizon, may be served.

Dated this 5th day of January, 2024.

Dominic W. Lanza
United States District Judge