**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-01589-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Solutions AZ LLC, et al., | |
| Defendants. | |

Pending before the Court is *pro se* Plaintiff's *ex parte* motion to compel Cellco Partnership DBA Verizon Wireless – AZ ("Verizon") to comply with a subpoena duces tecum. (Doc. 21.) For the following reasons, the motion is denied without prejudice.

**BACKGROUND**

On December 26, 2023, Plaintiff filed an *ex parte* motion, in accordance with General Order 18-19, seeking leave to serve a subpoena duces tecum on Verizon. (Doc. 16.)

On January 5, 2024, the Court granted Plaintiff's motion and ordered that Plaintiff may serve the subpoena on Verizon. (Doc. 17.)[1] The Clerk issued and signed the subpoena and attached it to the Court's order. (Doc. 17-1.)

On January 9, 2024, Plaintiff filed a motion requesting that the Court "instruct the Clerk of the Court to issue corrected proposed subpoena duces tecum." (Doc. 18.) Plaintiff

---

[1] On January 9, 2024, Plaintiff filed a motion seeking to correct the subpoena (Doc. 18), and on January 10, 2024, the Court granted leave to serve the corrected subpoena and directed Plaintiff to the District of Arizona's website for instructions on having the subpoena issued. (Doc. 19.)

explained that in his previous motion, he inadvertently requested information pertaining to the wrong telephone number, and he therefore asked that the Court "instruct its Clerk to issue Plaintiff's corrected subpoena as proposed." (Doc. 18-1 at 1-2.)

On January 10, 2024, the Court granted leave to serve the corrected subpoena and but denied the motion "to the extent it seeks to instruct [the] Clerk to issue Plaintiff[']s corrected subpoena as proposed," instead directing Plaintiff to the District of Arizona's website for instructions on having the subpoena "issued in blank by the Clerk's Office and provided to parties/attorneys for completion and service." (Doc. 19.)

On January 26, 2024, Plaintiff filed an *ex parte* motion to compel Verizon to comply with the subpoena duces tecum. (Doc. 21.) Plaintiff states as follows:

- On January 10, 2024, the subpoena, Exhibit 2, was served on Verizon via fax to (888) 667-0028, as instructed by Verizon.

- On January 25, 2024, Plaintiff received Verizon's response dated January 17, 2024, Exhibit 1, stating, "Pro Se requests are returnable to the court only," confirming service and non-compliance.

- On January 26, 2023, Verizon's representative, Annabelle, stated, "Pro se subpoenas are sent back to the court unless there's an attorney involved," and acknowledged no available counsel for discussion.

(Doc. 21-1 at 2.)

**DISCUSSION**

Upon further review, it appears to the Court that its partial denial of Plaintiff's January 9, 2024 motion to direct the Clerk to issue a corrected subpoena was in error. Pursuant to Rule 45(a)(3) of the Federal Rules of Civil Procedure, a subpoena can be issued and signed by either the Clerk of Court or an attorney who is authorized to practice in the issuing court. The Rule 45 advisory committee notes clarify that an "attorney acts as an officer of the court in issuing and signing subpoenas" and that "lawyer-issued subpoenas" are "mandates of the court." A *pro se* litigant has no attorney, so a subpoena served by a *pro se* litigant must be issued and signed by the Clerk of Court. As such, General Order 18-19 requires "that any self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena."

1. The Court should have granted Plaintiff's motion for issuance of the corrected subpoena in full and apologizes for this oversight, which this order corrects. The Clerk of Court is directed to issue and sign the corrected subpoena (Doc. 18-3). Plaintiff shall serve Verizon with the corrected subpoena, issued and signed by the Clerk, along with this order. If Verizon fails to comply with the subpoena (or to object or file a motion to quash within 14 days of the date of service), Plaintiff may file a renewed motion to compel compliance.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel (Doc. 21) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue and sign the corrected subpoena (Doc. 18-3).

Dated this 30th day of January, 2024.

Dominic W. Lanza
United States District Judge