**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-23-01589-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Solutions AZ LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for Rule 69 discovery. (Doc. 39.) For the following reasons, the motion is granted in part and denied in part.

**BACKGROUND**

On August 7, 2023, Plaintiff initiated this action by filing the complaint. (Doc. 1.) The complaint alleged that between July 10, 2023 and July 28, 2023, representatives of Defendant Sun Solutions AZ LLC ("Sun Solutions") used an automatic telephone dialing system ("ATDS") to send eight illegal telemarketing calls to Plaintiff's cell phone, which is not associated with a business and is registered on the Do-Not-Call registry. (*Id.* ¶¶ 2, 14-42.) Some of the calls were placed by Defendant Justin Villalobos ("Villalobos"), the owner and manager of Sun Solutions. (*Id.* ¶¶ 6, 30-38.) The complaint asserted two claims for violations of the Telephone Consumer Protection Act ("TCPA"): (1) a claim for violating the TCPA's prohibition against "sending calls, except for emergency purposes, to . . . a cellular telephone service using an ATDS," and (2) a claim for "call[ing] Plaintiff's private residential number which was registered on the National Do-Not-Call Registry

more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F) and 47 C.F.R. § 64.1200(c)(2)." (*Id.* ¶¶ 68-78.) The complaint alleged that Villalobos should be held individually liable because he "personally participated in the complained-of actions by personally directing and authorizing the scripting and selecting of calls to be made, selecting, and orchestrating the calling strategy, including by choosing to use pre-recorded calls." (*Id.* ¶¶ 6, 11.)

Both Defendants were served after Plaintiff obtained leave to serve via alternative means. (Docs. 17, 20, 30, 31.) Both Defendants failed to respond to the complaint, and default was entered against them. (Docs. 24, 33.)

On April 28, 2024, Plaintiff filed a motion for default judgment. (Doc. 34.) Neither Defendant responded.

On June 10, 2024, the Court granted in part and denied in part Plaintiff's motion for default judgment. (Doc. 35.) Specifically, the Court determined that the complaint failed to state a claim as to Count I because the conclusory assertion that Defendants used an ATDS was "not supported by the remaining factual allegations in the complaint." (*Id.* at 6.) Regarding Count II, the Court determined that only two of the eight calls at issue were made in violation of the pertinent regulations. (*Id.* at 8-11.) Furthermore, the Court concluded that those two calls were "actionable only as to Sun Solutions, not as to Villalobos." (*Id.* at 11.) Thus, default judgment in the amount of $1,402 ($1,000 in damages and $402 in costs for the filing fee) was entered as to Sun Solutions but not as to Villalobos. (*Id.* at 13; Doc. 36.) The Court retained jurisdiction "for the limited purpose of imposing service-related expenses pursuant to Rule 4(d)(2)." (Doc. 35 at 14.)

On June 14, 2024, Plaintiff submitted proof regarding service-related expenditures. (Doc. 37.) On June 18, 2024, the Court ordered Sun Solutions to pay service expenses in the amount of $530.29 and ordered Villalobos to pay service expenses in the amount of $707.29, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 38.)

On June 19, 2024, Plaintiff filed the pending *ex parte* motion for Rule 69 discovery, which seeks leave to serve subpoenas duces tecum on non-parties PayPal, Inc. ("PayPal")

and Early Warning Systems, LLC, dba Zelle ("Zelle"), two payment service companies which, Plaintiff asserts, Villalobos uses or "may" use. (Doc. 39-1.) The subpoenas would require PayPal and Zelle to provide a "Consumer Profile and Transaction Search" for two email addresses (Justin@SunSolutions.com and zeradiamond@yahoo.com), to provide a list of all transactions associated with those email addresses from December 9, 2022 to the present, and to "provide all unredacted bank account and customer information . . . to include, but not limited to, the account holder name, address, SSN, and linked financial institution, bank account number, and routing number." (*Id.*)

**DISCUSSION**

I. <u>Legal Standard</u>

Rule 69(a) provides as follows:

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) *Obtaining Discovery.* In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

"Rule 69 applies only to money judgments of the federal court." *Labertew v. Langemeier*, 846 F.3d 1028, 1033 n.26 (9th Cir. 2017). "The discovery contemplated by rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978).

"The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014). Under Rule 69(a), a judgment creditor may "properly seek to discover assets that might be available to satisfy the judgments and to discover concealed or fraudulently transferred assets." *SEC v. Premier Holding Corp.*, 2021 WL 6104308, *2 (C.D. Cal. 2021). "The scope of post-judgment discovery is broad; the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment

debtor." *1ST Tech., LLC v. Rational Enterprises Ltda*, 2007 WL 5596692, *4 (D. Nev. 2007) (cleaned up). "A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery of the identity and location of any of the judgment debtor's assets, wherever located." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, *1 (N.D. Cal. 2009). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is *entitled* to fish for assets of the judgment debtor." *Premier Holding*, 2021 WL 6104308 at *1. "Once judgment has been entered against a defendant, the desire for confidentiality must necessarily yield to a plaintiff's legitimate need to acquire any and all information reasonably available to locate the defendant's assets. Furthermore, any legitimate confidentiality concerns can be remedied with a protective order." *Id.* at *3.

II.   Analysis

As a preliminary matter, Plaintiff's motion asserts that discovery is sought "for the purposes of judgment enforcement against Judgment Debtors" and then more specifically asserts that Plaintiff conducted user searches on accounts owned by "Judgment Debtor, Justin Villalobos." (Doc. 39-1 at 1-2.) But Villalobos is not a "judgment debtor" in this action. To be sure, he was ordered to pay Rule 4(d)(2) service expenses, but this was not part of the judgment—indeed, these expenses could have been sought and ordered at any time after Villalobos failed to waive service without good cause, including before entry of judgment. *See, e.g.*, *Hulet v. Cnty. of Tuolumne*, 2024 WL 200871 (E.D. Cal. 2024) (granting Rule 4(d)(2) motion early in litigation when motion to dismiss remained pending). The judgment entered only as to Sun Solutions (Doc. 35), and therefore Sun Solutions is the only judgment debtor here.

Moreover, Rule 69 is not available to Plaintiff to assist in recovering Rule 4(d)(2) service expenses. "Rule 69 applies only to money *judgments* of the federal court." *Labertew*, 846 F.3d at 1033 n.26 (emphasis added). Thus, Plaintiff cannot rely on Rule 69 to discover information to assist him in obtaining money from Villalobos to cover his service expenses.

Although it might be permissible for Plaintiff to seek to discover information about Villalobos's personal finances if that information could be useful to him in uncovering information about Sun Solutions' finances, *see generally British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.,* 200 F.R.D. 586, 589 (W.D. Tex. 2000) ("Rule 69 expressly authorizes discovery from 'any person,' not merely the judgement debtor."), Plaintiff has made no effort to explain why the requested information would be useful for that purpose. Generally, "third persons can only be examined about assets of the judgment debtor and cannot be required to disclose their own assets." *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974). Here, Plaintiff seeks discovery from certain third parties (PayPal and Zelle) regarding the assets of a yet another third party to the judgment (Villalobos). A record of payment transfers from and to Villalobos's personal accounts could be relevant to Sun Solutions' assets if a showing of fraudulent collusion between Villalobos and Sun Solutions for purposes of evading the judgment were made here. *Cf. Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977) ("It is alleged that the payments to Feist were made collusively, in an attempt to strip defendants of any assets (which might) satisfy the judgment. These allegations are sufficient to permit discovery on the narrow issue of the consideration received by Feist in connection with the transfer of the Mall properties. Plaintiff's showing raises doubts about the propriety of the transfers, and plaintiff should be permitted further exploration."). But Plaintiff has not attempted to make such a showing, so payment transfers from and to Villalobos's personal accounts are not relevant.[1] Nor is it obvious how Plaintiff could make such a showing, given that the docket reflects no indication that Villalobos and Sun Solutions were ever even notified that the judgment against Sun Solutions entered. Although Rule 69 "permit[s] broad post-judgment discovery in the search for executable assets . . . it is not unlimited; courts may limit post-judgment discovery on grounds of relevance, privilege, and proportionality." 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary,

---

[1] Even if Plaintiff had made such a showing, it is not clear that Plaintiff would be entitled to discover Villalobos's social security number, bank account number, routing number, and "Consumer Profile."

Rule 69 (2022).

However, one of the two accounts at issue, Justin@SunSolutions.com, contains the domain "SunSolutions.com." Although Plaintiff's motion seems to indicate that this email address belongs to Villalobos, it is reasonable to infer from the domain that it is a business email account, and it follows that the associated payment transfer accounts may be for Sun Solutions' transactions, not for Villalobos's personal transactions. The Court concludes that Plaintiff is entitled to discover the linked financial institution for those accounts, as this information could enable Plaintiff to seek additional discovery from those institutions regarding Sun Solutions' assets.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for Rule 69 discovery (Doc. 39) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the subpoenas as to PayPal and Zelle may seek *only* the financial institutions associated *only* with the accounts with the associated email address Justin@SunSolutions.com. The subpoenas may not seek any information in connection with the zeradiamond@yahoo.com account. Additionally, the subpoenas may not seek transaction histories or bank account/routing numbers and may not seek any personal information about Villalobos, including his "Consumer Profile," his account holder name, or social security number.

Dated this 9th day of September, 2024.

Dominic W. Lanza
United States District Judge